UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

CHRISTIAN SANCHEZ, on behalf of himself and all others similarly situated,

                      Plaintiff,

              -against-

BRACKETRON, INC.,

                      Defendant.

**ORDER**

20 Civ. 10102 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        This action is brought under the Americans with Disabilities Act.  The Complaint was filed on December 2, 2020.  (Cmplt. (Dkt. No. 1))  On December 4, 2020, this case was referred to Magistrate Judge Sarah Netburn for general pretrial supervision.  (Dkt. No. 5)  On January 26, 2021, Plaintiff Christian Sanchez filed an affidavit of service with respect to Defendant Bracketron, Inc.  (Dkt. No. 7)  That same day, Judge Netburn granted Defendant's application to extend its time to answer or otherwise respond to the Complaint to February 26, 2021.  (Dkt. No. 8)  Defendant did not file an answer or otherwise respond to the Complaint, however, and has not appeared.

        In a March 8, 2021 order, Judge Netburn directed Plaintiff to file a letter by March 12, 2021, stating whether he intended to move for a default judgment.  (Dkt. No. 9)  On March 10, 2021, Judge Netburn granted Defendant's second request to extend its time to answer or otherwise respond to the Complaint to April 5, 2021.  (Dkt. No. 11)  Defendant again did not file an answer or otherwise respond to the Complaint.

        In an April 7, 2021 order, Judge Netburn directed Plaintiff to file a letter by April 9, 2021, stating whether Plaintiff intended to move for a default judgment or to voluntarily

dismiss this action  (Dkt. No. 12)  Judge Netburn warned Plaintiff "that failure to take action may result in dismissal for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 2)  Plaintiff has neither moved for a default judgment nor filed a responsive letter.

On April 16, 2021, this Court directed Plaintiff to show cause by April 30, 2021 why this action should not be dismissed for failure to prosecute.  (Dkt. No. 13)  Plaintiff has not responded in any fashion to the April 30, 2021 order.

District courts may dismiss actions for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

> In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate.  See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).  Dismissal is a "harsh remedy to be utilized only in extreme situations."  Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases) (alterations omitted).

As to the first factor, Plaintiff's inaction spans more than three months.  On April 7, 2021, Judge Netburn directed Plaintiff to submit a letter by April 9, 2021, stating whether he intended to move for a default judgment or to voluntarily dismiss. (Dkt. No. 12)  That deadline passed more than two months ago with no action by Plaintiff.

Similarly, on April 16, 2021, this Court directed Plaintiff to show cause by April 30, 2021, why this action should not be dismissed for failure to prosecute.  (Dkt. No. 13)

Plaintiff did not respond in any fashion to the April 30, 2021 order.  Accordingly, the first factor supports dismissal.  See Kent v. Scamardella, No. 07 CIV. 844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (dismissing case following three-month delay); Atuegwu v. United States, No. 18 Civ. 1518 PAE SN, 2019 WL 2023720, at *2 (S.D.N.Y. May 8, 2019), adhered to on reconsideration, 2020 WL 5801479 (S.D.N.Y. Sept. 28, 2020) (citing Yadav v. Brookhaven Nat. Lab'y, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal after three months' delay)).

As to the second factor, Judge Netburn's April 7, 2021 Order warns Plaintiff that his claims would be dismissed for failure to prosecute if he did not move for a default judgment. (Dkt. No. 12)  And on April 16, 2021, this Court directed Plaintiff to show cause by April 30, 2021 why this action should not be dismissed for failure to prosecute.  (Dkt. No. 13)  The second factor thus also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendant[] [has] been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time."  Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court sought to protect Plaintiff's right to due process by warning that his continued failure to move for a default judgment would result in the dismissal of his claims.  (Dkt. No. 13)

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of

Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

Having considered the relevant factors, the Court concludes that this action is properly dismissed for failure to prosecute.

Accordingly, Plaintiff's claims are dismissed without prejudice. The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
June 15, 2021

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

4